## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tracy Muhlenbeck,

    Plaintiff,

vs.

Perry Pelzer and
Craig's Restoration & Repair L.L.C.,

    Defendants.

Case No. _____

**Complaint**

**Jury Trial Demanded**

Comes now Plaintiff Tracy Muhlenbeck, and for her Complaint, herein states and alleges:

## PARTIES

1. Plaintiff Tracy Muhlenbeck ("Mrs. Muhlenbeck") is an individual who resides in Wells, Faribault County, Minnesota.

2. Defendant Perry Pelzer ("Defendant Pelzer") is an individual who resides in Moscow, Iowa.

3. Defendant Craig's Restoration & Repair L.L.C. ("Defendant Craig's") is an Iowa Limited Liability Company with its principal place of business in Durant, Iowa.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Minnesota, and citizens of Iowa, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

6. On or about December 15, 2015, Mrs. Muhlenbeck was operating her 2006 Buick Lucerne northbound on Minnesota State Highway 22 in Mapleton Township, State of Minnesota.

7. On or about December 15, 2015, Defendant Pelzer was operating a 2006 Chevrolet HHR southbound on Minnesota State Highway 22 in Mapleton Township, State of Minnesota.

8. Defendant Pelzer was operating the Chevrolet HHR in the course and scope of his employment for Defendant Craig's.

9. Minnesota State Highway 22 in Mapleton Township, State of Minnesota is a two-lane highway with one lane of travel in the northbound direction and one lane of travel in the southbound direction.

10. While driving southbound on Minnesota State Highway 22, Defendant Pelzer crossed over the centerline and crashed into the rear trailer dually of a northbound truck driven by Jon Michael Coulter.

11. The collision between the HHR driven by Defendant Pelzer and the truck driven by Jon Michael Coulter caused the left front tire of the Chevrolet HHR to come off of the vehicle.

12. After the collision between the HHR driven by Defendant Pelzer and the truck driven by Jon Michael Coulter, Defendant Pelzer lost control of the HHR.

13. After the collision between the HHR driven by Defendant Pelzer and the truck driven by Jon Michael Coulter, the HHR crossed into the northbound lane and collided with Mrs. Muhlenbeck's Buick Lucerne.

14. The collision between the HHR driven by Defendant Pelzer and the Lucerne driven by Mrs. Mulhenbeck caused the Lucerne to leave the highway and roll onto its side.

15. As a result of the impact, Mrs. Muhlenbeck suffered severe injuries.

16. The injuries Mrs. Muhlenbeck suffered include, but are not limited to, permanent injuries to her low back and right shoulder, a traumatic brain injury, and depression and anxiety.

17. Defendant Pelzer admitted he was at fault for the crash because he crossed the centerline and struck the northbound truck driven by Jon Michael Coulter.

### COUNT I – PERRY PELZER – NEGLIGENCE

18. Plaintiff re-alleges paragraphs 1-17 of the Complaint as if re-alleged in full.

19. Defendant Pelzer had a duty to utilize due care and keep a proper lookout while operating the HHR on December 15, 2015.

20. Defendant Pelzer breached the duty by failing to exercise due care and keep a proper lookout while operating the HHR.

21. Defendant Pelzer's failure to exercise due care and keep a proper lookout while operating the HHR resulted in the HHR colliding with the truck driven by Jon Michael Coulter and then the vehicle driven by Mrs. Muhlenbeck.

22. As a result of the collision between the HHR operated by Defendant Pelzer and the vehicle driven by Mrs. Muhlenbeck, Mrs. Muhlenbeck suffered serious injuries, as well as past and future pain, suffering, and mental anguish.

## COUNT II – CRAIG'S RESTORATION & REPAIR L.L.C. – NEGLIGENCE
### (Respondeat Superior)

23. Plaintiff re-alleges paragraphs 1-22 of the Complaint as if re-alleged in full.

24. Defendant Pelzer was operating the HHR in the course and scope of his employment for Defendant Craig's.

25. Defendant Pelzer had a duty to utilize due care and keep a proper lookout while operating the HHR on December 15, 2015.

26. Defendant Pelzer breached the duty by failing to exercise due care and keep a proper lookout while operating the HHR.

27. Defendant Pelzer's failure to exercise due care and keep a proper lookout while operating the HHR resulted in the HHR colliding with the truck driven by Jon Michael Coulter and then the vehicle driven by Mrs. Muhlenbeck.

28. As a result of the collision between the HHR driven by Defendant Pelzer and the vehicle driven by Mrs. Muhlenbeck, Mrs. Muhlenbeck suffered serious injuries, as well as past and future pain, suffering, and mental anguish.

29. Defendant Craig's is vicariously liable for the actions of Defendant Pelzer while performed in the course and scope of Defendant Pelzer's employment for Defendant Craig's.

30. Defendant Craig's is vicariously liable for Mrs. Muhlenbeck's injuries because Defendant Pelzer negligently operated the HHR on December 15, 2015, and caused Mrs. Muhlenbeck's injuries.

WHEREFORE, Plaintiff Tracy Muhlenbeck prays for judgment against the Defendants and each of them, as follows:

1. In an amount greater than Seventy-Five Thousand and no/100 ($75,000.00) Dollars on behalf of Plaintiff; and

2. Any other relief that this Court deems appropriate.

**I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.**

Dated: 2-28-18

George (Jed) Chronic          #0388688
MASCHKA, RIEDY, RIES & FRENTZ
151 Saint Andrews Ct., Building 1010
Mankato, MN 56001
Telephone: (507) 625-6600
jchronic@mrr-law.com
*Attorneys for Plaintiff*